UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Peter J. Wright, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 3:06cv46 |
| | ) | |
| State of North Dakota, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION**

Before the court is Peter J. Wright's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. #1). The court previously conducted a preliminary review of the petition. From the information provided, the petition appeared timely. The court directed service on respondent and ordered respondent to file all relevant state records, including docket sheets, court orders, opinions, and transcripts (Doc. #3). Respondent answered the petition and separately moved to dismiss (Docs. #4, #5). Wright did not respond to the motion to dismiss. For the following reasons, the magistrate judge **RECOMMENDS** Wright's petition (Doc. #1) be **DENIED** with prejudice and respondent's motion to dismiss be **GRANTED** (Doc. #5).

BACKGROUND

On February 22, 2001, Wright was convicted of gross sexual imposition and sentenced to a ten-year term of imprisonment. Wright did not directly appeal his convictions, but on March 28, 2003 he filed a petition for post-conviction relief, alleging ineffective assistance of counsel. An evidentiary hearing was held in November 2003, and on August 31, 2004, the trial court granted Wright's request for post-conviction relief and ordered a new trial. The State appealed the decision, and the North Dakota Supreme Court reversed and remanded. See Wright v. State,

1

2005 ND 217, 707 N.W.2d 242.  The court "conclud[ed] Wright failed to demonstrate he was prejudiced by the alleged ineffective assistance of his trial counsel."  Id. at ¶1.

ANALYSIS

Habeas corpus provides state prisoners the exclusive federal remedy for challenges to the fact or duration of their confinement.  Franklin v. Webb, 653 F.2d 362, 363 (8th Cir. 1981) (citing Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  The Antiterrorism and Effective Death Penalty Act ("AEDPA"), enacted on April 24, 1996, governs § 2254 petitions for habeas corpus relief.  Section 2244(d) establishes a one-year statute of limitations for filing federal habeas petitions.  The one-year statute of limitations starts to run on the latest of the following four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D).  Under subsection (A), the statute of limitations is triggered by either

> (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court, or
>
> (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for

filing a petition for the writ.

Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999). A petition for certiorari must be filed with the United States Supreme Court within ninety days from the denial of discretionary review by a state court of last resort. Sup.Ct.R. 13.1.

In this case, the state court entered a judgment of conviction on February 22, 2001. Wright neither directly appealed his conviction to the North Dakota Supreme Court nor petitioned the United States Supreme Court for a writ of certiorari. Consequently, for the purposes of 28 U.S.C. § 2244(d)(1)(A), his conviction became final and the statute of limitations for filing a petition for habeas relief commenced on June 22, 2001.[1] If not statutorily or equitably tolled, the time period lapsed on June 22, 2002.[2]

The AEDPA contains a tolling provision which states that "the time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). For the statutory tolling provision of the ADEPA to apply, Wright had to file a petition for post-conviction relief by June 22, 2002. The state court records from the North Dakota Supreme Court indicate Wright filed an application for post-conviction relief on March 28, 2003 (Respondent's Exhibits #3, #11). Thus, respondent argues the petition is untimely and should be

---

[1] The court calculated the date on which the statute of limitations commenced as follows: First, the court allowed 30 days for for Wright to appeal of the judgment of conviction entered on February 22, 2001. See N.D.R.App.P. 4(b)(1). The court then allowed an additional 90 days, which is the time allotted for filing a petition for a writ of certiorari under United States Supreme Court Rule 13.1.

[2] The court notes respondent calculates the time period differently, apparently because Wright did not directly appeal his conviction. Thus, respondent allowed Wright 30 days for direct appeal and asserts the limitation period started on March 21, 2001 and expired on March 21, 2002 (Doc. #6, Brief in Support of Motion to Dismiss Section 2254 Application). However, even using the court's more expansive calculations, Wright's petition remains untimely.

dismissed.  The court agrees that Wright's petition is time-barred, given that he did not move for post-conviction relief until March 28, 2003 and the statutory tolling period lapsed on June 22, 2002.

The magistrate judge notes that the record reflects Wright filed two motions for sentence reduction prior to his March 28, 2003 motion for post-conviction relief.  Respondent does not discuss these motions, beyond mentioning their existence in a footnote.  Both of Wright's motions request leniency from the state court regarding the length of his sentence, and the state court denied both motions.  This court concludes such requests for a sentence reduction do not constitute "a properly filed application for State post-conviction or other collateral review" pursuant to 28 U.S.C. § 2244(d)(2).  See Rodriguez v. Spencer, 412 F.3d 29, 36 (1st Cir. 2005) ("Not every filing by a criminal defendant meant to advance his challenge to a judgment of conviction amounts to an application for other collateral review of the judgment or claim."); see also Bridges v. Johnson, 284 F.3d 1201, 1204 (11th Cir. 2002) (holding sentence review does not qualify under the statute as "State post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2), and does not toll the § 2244(d) limitations period).[3]

---

[3] Even assuming Wright's motions fall within the province of  28 U.S.C. § 2244(d)(2), the statute of limitations period is tolled only for the period of time during which the motions are pending; the clock is not "reset."  See Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000), cert. denied, 531 U.S. 840 (2000) (holding that a "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run").  If Wright's limitations period commenced on June 22, 2001, it was potentially tolled immediately because Wright filed a motion for reduction of sentence on June 12, 2001.  The motion was filed and denied on June 21, 2001, prior to the entry of the judgment of conviction.  Wright had 60 days to appeal the denial.  Although he did not appeal, the court tolls the limitations period for 60 days, from June 21, 2001 to August 19, 2001.  See Williams v. Bruton, 299 F.3d 981, 982-983 (8th Cir. 2002) (counting as tolled the time allowed under state law to appeal denial of a state petition for post-conviction relief even if no appeal is taken); N.D.R.App.P. 4(d) (allowing 60 days to appeal from the denial of a petition for post-conviction relief).  Potentially, the statutory clock ran for 216 days from August 20, 2001 until March 26, 2002–the date Wright filed his second motion for relief from sentence.  After subtracting the 216 days, Wright had 149 days remaining of the 365 day period.

In addition to the statutory tolling provision, the AEDPA's statute of limitations may be tolled as a matter of equity.  See Cross-Bey v. Gammon, 322 F.3d 1012, 1014 (8th Cir. 2003). Equitable tolling is only proper, however, "when there exist extraordinary circumstances beyond a prisoner's control that made filing a timely petition impossible or when the Respondent's conduct has lulled the petitioner into inaction."  Id. at 1015.  "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes."  Id. (quoting Flanders v. Graves, 299 F.3d 974, 976 (8th Cir. 2002)).  After thoroughly reviewing this petition and related records, the court finds no grounds which would warrant equitable tolling.

Thus, Wright's petition is time-barred.[4]

For the foregoing reasons, it is **RECOMMENDED** that Wright's § 2254 petition be **DISMISSED** with prejudice.  Pursuant to Local Rule 72.1(E)(4), any party may object to this

---

The second motion was pending from March 26, 2002 to June 6, 2002; in addition, the court must allow the 60 days for appeal.  Thus, the clock would start again on August 6, 2002.  Counting off 149 days, the limitation period would expire around January 2, 2003.  Wright did not file his motion for post-conviction relief until March 28, 2003.  The court has concluded Wright's motions for sentence reduction do not qualify for tolling pursuant 28 U.S.C. § 2244(d)(2).  However, this analysis demonstrates that Wright's petition remains untimely even if such motions tolled the limitation period.

[4] Had Wright filed a timely petition, the magistrate judge would still recommend dismissal of his petition.  Wright's petition claims he received ineffective assistance of counsel.  The North Dakota Supreme Court addressed this allegation and denied Wright's claim.  A federal court cannot grant habeas relief on any claim adjudicated on the merits in state court proceedings, unless adjudication of a claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  After reviewing Wright's claim of ineffective assistance of counsel, the magistrate judge concludes Wright does not qualify for federal habeas relief under these provisions.

5

recommendation within ten (10) days after being served with a copy.  If Wright has additional argument regarding the timeliness issue, he should submit such information to the court within the objection period.


Dated this 28th day of December, 2006.

/s/ *Karen K. Klein*
Karen K. Klein
United States Magistrate Judge